# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WESTERN WASHINGTON

ELLEN MCCRACKEN, *et al.*,

                    Plaintiffs,

  vs.

SAFECO INSURANCE COMPANY,
*et al.*,

                    Defendants.

Case No. 2:18-cv-0452-SLG

## ORDER OF DISMISSAL WITH LEAVE TO AMEND

Self-represented litigant Ellen McCracken filed a 200-page Complaint on March 27, 2018.[1]  She has paid the $400 filing fee.   She names many defendants, including Safeco Insurance Company, the law firm of Shapiro & Sutherland, LLC, Wells Fargo Bank, NA, and many judges and other government employees.  She appears to be asserting that she owned a residential property in Oregon, and after she had paid off the mortgage on the property, it was wrongfully foreclosed upon and she was ultimately evicted from the property in 2016.  She also appears to have been jailed for contempt of court by an Oregon judge in 2017.

This is not the first federal case in which Ms. McCracken has tried to raise these issues.  The Court takes judicial notice of the following two related cases.[2]

---

[1] Docket 1 (Compl.).

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (citing *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003))); *see also* Fed. R. Evid. 201.

In March 2017, Ms. McCracken filed an action in the Northern District of California against Wells Fargo Bank, NA, and Shapiro & Sutherland, LLC, as well as certain state officials.  That complaint was 44 pages in length, and appears to take issue with the same foreclosure of Ms. McCracken's Oregon real estate by Wells Fargo Bank, NA.  On April 20, 2017, an order dismissing the complaint with leave to amend was entered by that court.  The Magistrate Judge described the complaint as "confusing, ambiguous, and fail[ing] to state a claim for relief."[3]   The order explained that Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a complaint that fails to state a claim upon which relief can be granted.  And the order cited to Rule 8(a)(2)'s requirement that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. The order also cited to the requirements set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007): "a plaintiff must 'provide the grounds of his entitle[ment] to relief,' which 'requires more than labels and conclusions'; a mere 'formulaic recitation of the elements of a cause of action' is insufficient."[4]   Ms. McCracken was accorded several opportunities to file an amended complaint, but she did not file an amended complaint in that case.  Therefore, in an order dated July 5, 2017, Ms. McCracken's Northern District of California case was dismissed without prejudice.[5]

On October 24, 2017, Ms. McCracken filed another complaint; this one was filed in the Western District of Washington.  Ms. McCracken initially moved for *in forma*

---

[3] *See McCracken v. Wells Fargo Bank NA, et al.*, Case No. 17-cv-01562-LB, 2017 WL 1428716 at *1 (N.D. Cal. April 20, 2017).

[4] *Id.* at *2 (quoting *Twombly*, 550 U.S. at 555).

[5] *See McCracken v. Wells Fargo Bank NA, et al.*, Case No. 17-cv-01562-LB (N.D. Cal. July 5, 2017) (Order at Docket 57).

2:18-cv-00452-SLG, *McCracken, et al. v. Safeco Insurance Company, et al.*
Order of Dismissal with Leave to Amend
Page 2 of 6

*pauperis* status, but then paid the filing fee on October 26, 2017. She filed an Amended Complaint on October 30, 2017 that consisted of 29 pages, as well as notices of removal of cases from the Oregon state court. On October 31, 2017, the district court entered an order that denied Ms. McCracken's pending motion for service. The district court also sua sponte held that Ms. McCracken's complaint was "facially frivolous." The district court described the complaint as "impossible to comprehend, and no reader (or defendant, or court) can possibly discern what she is actually complaining about[.]" The district court also noted other difficulties with the complaint, included the *Rooker-Feldman* doctrine and judicial immunity. The district court concluded that "[i]t does not appear that McCracken can plausibly state a claim arising out of the Oregon state law case, or against the Oregon Judge(s) in the case." But the district court permitted Ms. McCracken to file an amended complaint addressing the deficiencies the court had noted, and warned Ms. McCracken that if she failed to address and remedy the deficiencies, the case would be dismissed.[6]

Ms. McCracken did file an amended complaint in that case in December 2017. That document consisted of 111 pages, plus attached notices. The district court found the amended complaint to be deficient, and held, "[t]here is no plausible claim ascertainable from McCracken's lengthy submittal, and the few facts that are alleged demonstrate that the claim is not viable in this Court."[7] Ms. McCracken then filed a series

---

[6] *See McCracken v. Shapiro & Sutherland, et al.,* Case No. 2:17-cv-01596-RBL (W.D. Wash. Nov. 3, 2017) (Order at Docket 16).

[7] *See McCracken v. Shapiro & Sutherland, et al.*, Case No. 2:17-cv-01596-RBL (W.D. Wash. Dec. 26, 2017) (Order at Docket 30). The order also addressed again the motion for leave to proceed *in forma pauperis*, although that motion had previously been denied as moot when Ms. McCracken paid the filing fee.

2:18-cv-00452-SLG, *McCracken, et al. v. Safeco Insurance Company, et al.*
Order of Dismissal with Leave to Amend
Page 3 of 6

of motions in January 2018 seeking to have the case reassigned, to summon a grand jury, to recuse the assigned judge, to obtain a temporary restraining order against the assigned judge and his clerks, to seal the case as a *qui tam* proceeding, and to change the venue from Tacoma to Seattle.[8]  In an order issued on February 8, 2018, the district court denied all of the motions.[9]   Later that same day, Ms. McCracken filed a Notice of Voluntary Dismissal of the case, which resulted in the case's disposition pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  That rule allows for the dismissal of an action without a court order when the plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.[10]

Ms. McCracken initiated this new case in the Western District of Washington at Seattle on March 27, 2018.  She filed three motions on April 2, 2018.  Her motions include a motion for ECF privileges; a one-page motion for a temporary restraining order that asserts that an historical property purchased by Ms. McCracken is being destroyed; and a motion to consolidate the case with the case she voluntarily dismissed, 2:17-cv-1596.[11] The matter was reassigned to the undersigned judge sitting by designation in the Western District of Washington by order dated April 10, 2018.[12]

---

[8] *See McCracken v. Shapiro & Sutherland, et al.*, Case No. 2:17-cv-01596-RBL (W.D. Wash.) (Dockets 31-39).

[9] *See McCracken v. Shapiro & Sutherland, et al.*, Case No. 2:17-cv-01596-RBL (W.D. Wash. Feb. 8, 2018) (Order at Docket 41).

[10]  However, Rule 41(a)(1) provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits,"  meaning it would be with prejudice.

[11] *See* Docket 5 (Mot. for ECF Privileges); Docket 6 (Mot. for TRO); Docket 7 (Mot. to Consolidate Cases).

[12] Although the assigned judge in this case usually presides in matters in the District of Alaska, in

2:18-cv-00452-SLG, *McCracken, et al. v. Safeco Insurance Company, et al.*
Order of Dismissal with Leave to Amend
Page 4 of 6

The motion to consolidate this case with 2:17-cv-1596 will be denied, because that case is no longer open. The motion for a temporary restraining order will be denied, because Ms. McCracken has not demonstrated an entitlement to emergency injunctive relief. The motion for electronic filing is denied without prejudice. Ms. McCracken may register to electronically file and receive electronic service in this case by filing a Pro Se Registration Form for the Electronic Case Filing System for the Western District of Washington.[13]

Ms. McCracken has paid the filing fee in this case; therefore, screening of the complaint is not required by 28 U.S.C. § 1915(e)(2)(B). However, "a trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)."[14] In this case, for many of the reasons expressed by the judicial officers in the prior two cases described above, Ms. McCracken has failed to state a claim upon which relief may be granted. However, Ms. McCracken will be given an opportunity to file an amended complaint. She may wish to review complaints filed by other plaintiffs to help her understand how to draft a complaint. In any event, a complaint should set out separate claims for relief. Each claim should identify the specific harm that she is alleging has occurred, when and where that harm was caused, who she is alleging caused that specific harm, and what specific law she is

---

this case the judge is sitting by designation as a judge of the Western District of Washington. Any further documents filed in this action must be filed only in that federal district court. This case has NOT been transferred to the District of Alaska. Ms. McCracken may email a copy of a proposed order that she has properly lodged with the Western District of Washington to the undersigned judge's proposed orders box. No other documents of any other nature are to be sent to that email address; any and all other such documents will be disregarded and deleted.

[13] *See* Docket 4, previously filed by Ms. McCracken in Case 2:17-cv-0196-RBL.

[14] *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

2:18-cv-00452-SLG, *McCracken, et al. v. Safeco Insurance Company, et al.*
Order of Dismissal with Leave to Amend
Page 5 of 6

alleging was violated as to that specific claim.  If she is asserting a claim against a judicial officer, she should explain why she believes the doctrine of judicial immunity would not apply to that claim.[15]

Based on the Court's review of the Complaint that was filed at Docket 1, it does not appear that Ms. McCracken can plausibly state a claim to the extent that she is seeking to set aside an order of foreclosure that may have been entered by an Oregon court.[16]

In light of the foregoing, IT IS ORDERED that the motions at Dockets 5, 6, and 7 are each DENIED.   The denial of the motion at Docket 5 is without prejudice and Ms. McCracken may renew her motion on the appropriate form of the Western District of Washington.

IT IS FURTHER ORDERED that the Complaint at Docket 1 is DISMISSED with leave to amend.  Ms. McCracken may attempt to file an amended complaint that states a plausible cause of action in federal district court.  An amended complaint must be filed within **21 days** of the date of this order or this matter will be dismissed without further notice.  Further, in light of Ms. McCracken's prior voluntary dismissal of Case No. 2:17-cv-1596 that attempted to raise many of the same claims, any such dismissal in this case shall be with prejudice and shall operate as an adjudication on the merits.[17]

DATED this 9th day of May, 2018.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[15] *See generally Pierson v. Ray*, 386 U.S. 547, 554 (1967).

[16] *See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[17] *See generally* Fed. R. Civ. P. 41(b).

2:18-cv-00452-SLG, *McCracken, et al. v. Safeco Insurance Company, et al.*
Order of Dismissal with Leave to Amend
Page 6 of 6