# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WESTERN WASHINGTON

| | |
|---|---|
| ELLEN MCCRACKEN, *et al.*, <br><br> Plaintiffs, <br> vs. <br> SAFECO INSURANCE COMPANY, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-0452-SLG |

## ORDER OF DISMISSAL

Plaintiff Ellen McCracken has filed an amended complaint at Docket 13 pursuant to this Court's order at Dockets 10 and 11. For the reasons set forth below, this Court dismisses this action with prejudice for failure to state a claim.

Preliminarily, the Court addresses the fact that this case has been filed under seal. Ms. McCracken has asserted that this is a qui tam suit under the False Claims Act. That Act prohibits false or fraudulent claims for payment to the United States, and authorizes civil actions to remedy such fraud, including actions by private individuals in the Government's name.[1] Neither Ms. McCracken's original complaint nor her more recently amended complaint at Docket 13, liberally construed, constitute any such claim. Therefore, the entire case should be unsealed. Unsealing the case is particularly warranted so that this case is in the public record in the event Ms. McCracken seeks to file another case with these same or similar allegations.[2]

---

[1] 31 U.S.C. § 3729(a).

[2] *See* Federal Rule of Civil Procedure 41(b) (effect of involuntary dismissal).

In this Court's order of May 9, 2018, the Court dismissed Ms. McCracken's first complaint, but accorded her an opportunity to file an amended complaint. The order gave Ms. McCracken the following directions as to how to draft a complaint that states a claim upon which relief may be granted:

> [A] complaint should set out separate claims for relief. Each claim should identify the specific harm that [Ms. McCracken] is alleging has occurred, when and where that harm was caused, who she is alleging caused that specific harm, and what specific law she is alleging was violated as to that specific harm. If she is asserting a claim against a judicial officer, she should explain why she believes the doctrine of judicial immunity would not apply to that claim.[3]

Ms. McCracken has not complied with these directions and her amended complaint fails to state a claim upon which relief may be granted. She has completed a form Complaint for Violation of Civil Rights, which repeatedly references a document she titles a "Relator's Report." That document is a 198-page document that she filed with the amended complaint at Docket 15. On review, it appears to contain very much the same information, if not identical statements in a somewhat different order, as the first 198-page complaint that the Court previously rejected for failure to state a claim. In the section of the complaint form where she is asked to "[s]tate as briefly as possible the facts of your case," she responded, "Ellen M. McCracken cannot relive these incidents without suffering PTSD. She needs medical care, supervision, support, and legal assistance by appointment of counsel to revisit[] the scene of the crimes."[4] When asked to specify the "date and approximate time" that the events giving rise to the claim occurred, she

---

[3] Docket 10 at 5-6.

[4] Docket 13 at 6.

2:18-cv-00452-SLG, *McCracken, et al. v. Safeco Insurance Company, et al.*
Order of Dismissal with Prejudice
Page 2 of 4

responded "2008-2018."[5] These are only a few examples of the many deficiencies in the filing. The amended complaint has many of the same deficiencies as the original complaint and will be dismissed for failure to state a claim.

When a complaint is dismissed for failure to state a claim, the Court "should freely give leave when justice so requires."[6] However, leave to amend is properly denied as to those claims for which amendment would be futile.[7] "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment."[8] "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."[9] Because Ms. McCracken has repeatedly failed to state a valid claim for relief, both in this Court and in the prior cases described in this Court's previous order, the dismissal of the amended complaint shall be with prejudice and without leave to amend.

**IT IS THEREFORE ORDERED**:

1. The Clerk of Court is directed to unseal this case, as it is not a qui tam action under the False Claims Act.

---

[5] Docket 113 at 7.

[6] Fed. R. Civ. P. 15(a).

[7] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

[9] *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

2:18-cv-00452-SLG, *McCracken, et al. v. Safeco Insurance Company, et al.*
Order of Dismissal with Prejudice
Page 3 of 4

2. The Complaint filed at Docket 13 is hereby DISMISSED with prejudice for failure to state a claim. Leave to amend is not granted, for the reasons set forth herein.

3. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 12th day of July, 2018.

                                        */s/ Sharon L. Gleason*
                                        UNITED STATES DISTRICT JUDGE

2:18-cv-00452-SLG, *McCracken, et al. v. Safeco Insurance Company, et al.*
Order of Dismissal with Prejudice
Page 4 of 4